FILED

2016 NOV 23 PM 12:21

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No. 6:16-cv-2048-ORL-22DCI

DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, DIAMOND RESORTS INTERNATIONAL, INC., and DIAMOND RESORTS MANAGEMENT, INC.

Petitioners,

vs.

KENNETH MICHAEL FELDMAN, and DEBORAH VEDA FELDMAN

Respondents.

______________________________________/

**PETITIONERS DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, DIAMOND RESORTS INTERNATIONAL, INC., AND DIAMOND RESORTS MANAGEMENT INC.'S PETITION/MOTION TO CONFIRM AN ARBITRATION AWARD PURSUANT TO SECTION 9 OF THE FEDERAL ARBITRATION ACT**

Petitioners, Diamond Resorts U.S. Collection Development, LLC ("Developer"), Diamond Resorts International, Inc. ("DRI"), and Diamond Resorts Management, Inc. ("DRM") (collectively "Petitioners"), in accordance with section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and in furtherance of subject matter jurisdiction founded upon 28 U.S.C. §1332, file this Petition to Confirm (the "Petition") the Arbitration Award entered against Respondents, Kenneth Michael Feldman and Deborah Veda Feldman, being the award issued on September 28, 2016, which incorporates the arbitrator's Interim Award dated August 12, 2016 (collectively the "Award"). In support of this Petition, Petitioners allege as follows:

## PARTIES

1. Petitioner Developer is a limited liability company formed under the laws of State of Delaware, with its principal place of business being 10600 West Charleston Blvd., Las Vegas, Nevada.

2. The Developer's sole member is Diamond Resorts Developer and Sales Holding Co. ("Member"). Member is a corporation incorporated under the laws of the State of Delaware, with its principal place of business being 10600 West Charleston Blvd., Las Vegas, Nevada.

3. Petitioner DRI is a corporation incorporated under the laws of the State of Delaware, and with its principal place of business being 10600 West Charleston Blvd., Las Vegas, Nevada.

4. Petitioner DRM is a corporation incorporated under the laws of the State of Arizona, and with its principal place of business being 10600 West Charleston Blvd., Las Vegas, Nevada.

5. Respondents Kenneth Michael Feldman and Deborah Veda Feldman (the "Feldmans" or "Respondents") individuals husband and wife, are a residents and citizens of the State of California, are not a member of the military services, and are otherwise sui juris.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 in that the citizenship of all of the Petitioners is completely diverse from that of the Respondents and the amount in controversy exceeds $75,000.00.

7. For purposes of establishing diversity jurisdiction of this Court, Developer's citizenship is determined through the citizenship of its only member.

8. Developer's sole Member is a citizen of the States of Delaware and Nevada because Member is a Delaware corporation with its principal place of business located at 10600 West Charleston Blvd., Las Vegas, Nevada.

9. Developer is therefore a citizen of Nevada and Delaware.

10. For purposes of establishing diversity jurisdiction of this Court, DRI's citizenship, being that it is a corporation, is determined through its principal place of business and its place of incorporation.

11. DRI is incorporated in Delaware with a principal place of business located at 10600 West Charleston Blvd., Las Vegas, Nevada.

12. DRI is, therefore, a citizen of Nevada and Delaware.

13. For purposes of establishing diversity jurisdiction of this Court, DRM's citizenship, being that it is a corporation, is determined through its principal place of business and its place of incorporation.

14. DRM is incorporated in Arizona with a principal place of business located at 10600 West Charleston Blvd., Las Vegas, Nevada.

15. DRM is, therefore, a citizen of Nevada and Arizona

16. Respondents Kenneth Michael Feldman and Deborah Veda Feldman are at all times relevant to this case citizens of California being that they are individuals who permanently reside (*i.e.* are domiciled) in Westlake Village, California. Kenneth Michael

Feldman and Deborah Veda Feldman were, and still are, permanent residence of Westlake Village, California when this proceeding was initially filed.

17. Complete diversity of citizenship between Petitioners and Respondents exists.

18. The amount in controversy exceeds the threshold of $75,000.00 needed to establish the jurisdiction of this Court because the total amount of the Award which Petitioners seek to confirm is, as of September 28, 2016, $171,448.96.

19. Venue is dictated by 9 U.S.C. § 9 ("FAA") which sets venue for the confirmation of an arbitration award in the district within which the arbitration was conducted and the award issued.

20. The final arbitration hearing took place in Orlando, Orange County, Florida, and the arbitrator issued the Award within the territorial confines of the Middle District of Florida.

## GENERAL FACTUAL ALLEGATIONS

21. The Feldmans and Developer entered into several agreements to purchase timeshare interest between the years of 2006 and 2015.

22. Pertinent to these proceedings, the Feldmans and Developer entered into Purchase and Security Agreement ("Agreement") on May 11, 2015.

23. Also on May 11, 2015, the Feldmans executed a Promissory Note with Developer (the "Note").

24. The Agreement contained an agreement for binding arbitration.

25. The arbitration agreement between the Developer and the Feldmans states: "[t]he Arbitration Provision shall be governed by the Federal Arbitration Act (the "FAA") and not state arbitration laws[.]"

26. The arbitration agreement between the Developer and the Feldmans, further, states: "[a]ny court with jurisdiction may enter judgment upon the arbitrator's award."

27. On August 21, 2015, the Feldmans, as Claimants, initiated arbitration proceedings by filing a Statement of Claim against Developer with the American Arbitration Association ("AAA").

28. The Statement of Claim was received and accepted by the AAA on August 26, 2015, initiating the arbitration proceeding with the following caption: *Kenneth Michael Feldman and Deborah Veda Feldman v. Diamond Resorts U.S. Collection Development, LLC,* Case No. 01-15-0004-7664.

29. On December 24, 2015, the Feldmans amended their Statement of Claim to include DRI.

30. DRI, although not a party to the arbitration agreement between Developer and the Feldmans, consented to the jurisdiction of the AAA for this claim.

31. The arbitration proceeded against both DRI and Developer under the Amended Statement of Claim with caption K*enneth Michael Feldman and Deborah Veda Feldman v. Diamond Resorts U.S. Collection Development, LLC, and Diamond Resorts International, Inc.* Case No. 01-15-0004-7664.

32. The Feldmans amended their Amended Statement of Claims one more time on May 3, 2016 to include DRM.

33. DRM, although not a party to the arbitration agreement between Developer and the Feldmans, also consented to the jurisdiction of the AAA for this claim.

34. The arbitration proceeded against DRI, Developer, and DRM under the operative Second Amended Statement of Claim with a caption *Kenneth Michael Feldman and Deborah Veda Feldman v. Diamond Resorts U.S. Collection Development, LLC, Diamond Resorts International, Inc.*, and *Diamond Resorts Management, Inc.*, Case No. 01-15-0004-7664

35. Along with its Answer, Developer filed a counterclaim against the Feldmans for breach of the Note.

36. The Final Arbitration Hearing took place in Orlando, Florida, on June 21 and 22, 2016.

37. The Feldmans presented their case in chief on their Second Amended Statement of Claim.

38. Developer, DRI, and DRM presented evidence to defend against the claims asserted in the Feldmans' Second Amended Statement of Claim.

39. Furthermore, Developer presented evidence on its Counterclaim.

40. The parties requested and the arbitrator allowed written closing statements, which were filed on July 25, 2016, so the arbitration hearing was formally closed on that date.

41. Along with the authority to decide the merits of the claim and counterclaim, the parties agreed the Arbitrator is to determine both the entitlement to and the amount of attorneys' fees and costs for the prevailing party.

**THE AWARD**

42. On August 12, 2016, James R. Lussier, Esq., Arbitrator ("Arbitrator") issued his Interim Award finding in all respects, including entitlement to attorneys' fees and costs, in favor of Developer, DRI, and DRM and against the Feldmans. Thereafter, on September 28, 2016, he issued his "AWARD OF ARBITRATOR" determining the total amount of the award, including prevailing party attorneys' fees and costs award to which Developer, DRI, and DRM (as prevailing respondents in the arbitrations) are entitled (the August 12 and September 28 awards shall together be referred to as "the Award").[1]

43. In his Interim Award, the Arbitrator found for DRI, Developer, and DRM and against the Feldmans on each of the Feldmans' (as claimants in the arbitration) seven (7) claims. He likewise found for Developer (as the counterclaimant in the arbitration) and against the Feldmans on Developer's counterclaim.

44. The "**AWARD OF ARBITRATOR**"[2] which made the Interim Award final explained the result:

> I, the undersigned Arbitrator, . . . having been duly sworn, and having heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated August 12, 2016, hereby AWARD as Follows:
>
> 1. **Attached hereto as Exhibit "A" is the Interim Award entered on August 12, 2016, which is incorporated herein and made a part of this Final Award.**
>
> 2. **The Interim Award reserved for resolution the calculation of the amount of attorney's fees and costs to be included in the Final Award. The parties have each submitted materials in support of their respective**

---

1. The Interim Award dated August 12, 2016, along with the Award of Arbitrator dated September 28, 2016, are, together, the Award to be confirmed in this case and are attached as Composite Exhibit A.
2. Composite Exhibit A, "AWARD OF ARBITRATOR" (emphasis added).

**positions regarding the amount of such awards. No further evidence is required.**

**3. Having previously found that Mr. & Mrs. Feldman are liable to repay to all the Respondents the costs of this arbitration paid to the AAA, together with the Arbitrator's fees, and having reviewed the information submitted regarding same, I hereby award to Respondents, Diamond Resorts U.S. Collections (sic) Development, LLC ("Developer"), Diamond Resorts International, Inc. ("DRI"), and Diamond Resorts Management, Inc. ("DRM") the following sums:**

**a. Arbitration Costs paid to AAA - $7,300.00**
**b. Arbitrator's fees $12,990.00 (sic)**

**Total: $20.200.00**

**4. Having previously found that Mr. & Mrs. Feldman are liable to Developer for Attorneys; fees and costs incurred in pursuing Developer's claim against the Feldmans for the breach of the 2015 Note, I hereby award to Diamond Resorts U.S. Collections (sic) Development, LLC the following:**

**a. Attorneys' Fees: $86,000.00 (reductions made for travel time, attorney conferencing and duplication of work; hourly rates are found to be reasonable)**
**b. Costs: $10,833.36**

**Total: $96,833.36**

**5. I have previously found that Mr. & Mrs. Feldman are liable to Diamond Resorts U.S. Collections (sic) Development, LLC for damages for breach of the 2015 Note in the amount of $52,748.44 in principle and interest, which interest continues to accumulate from June 21, 2016 at $16.84 per day until paid. The Interim Award is hereby re-affirmed, and is in addition to the award of fees and costs entered above.**

**This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.**

## COUNT I – CONFIRMATION OF AWARD UNDER 9 U.S.C. §9

45. Petitioners incorporate and reallege all the allegations in paragraphs 1 through 44 of this Petition herein.

46. The Arbitrator rendered a final Award in favor of Petitioners Developer, DRI, and DRM and against Respondents Kenneth Michael Feldman and Deborah Veda Feldman.

47. Pursuant to the Agreement and 9 U.S.C. §9, Petitioners are entitled to judgment in the total amount of the Award.

48. As of September 28, 2016, the total amount due to Petitioners Developer, DRI, and DRM under the Award, for which they seek confirmation of and judgment from this Court against Respondents Kenneth Michael Feldman and Deborah Veda Feldman, is **$171,448.96**, with interest continuing to accrue.

49. The $171,448.96 amount for which judgment is sought consists of: $52,748.44 in damages against Respondents Kenneth Michael Feldman and Deborah Veda Feldman for breach of the Note, plus interest of $1,66716 (through September 28, 2016, with per diem of $16.84 accruing thereafter), plus AAA administrative costs and Arbitrator's Fees of $20,200.00, plus attorneys' fees and costs of $96,833.36.

50. Petitioners Developer, DRI, and DRM have engaged Greenspoon Marder, P.A. to represent them in this matter, are obliged to pay them a reasonable fee for their services, and are entitled to recover such fees and the costs incurred in this litigation to confirm the Award pursuant to the Note.

**WHEREFORE,** Petitioners Diamond Resorts U.S. Collection Development, LLC, Diamond Resorts International, Inc., and Diamond Resorts Management, Inc. respectfully request that this Court:

A. Grant this Petition;

B. Confirm the Award consisting of the Arbitrator's "Interim Award" dated August 12, 2016, as finalized by the "AWARD OF ARBITRATOR" on September 28, 2016;

C. Enter Judgment in favor of Petitioners Developer DRI, and DRM, and against Respondents Kenneth Michael Feldman and Deborah Veda Feldman in the amount of the Award, totaling (as of September 28, 2016) $171,448.96, plus accrued interest;

D. Award and enter Judgment in favor of Petitioners Developer DRI, and DRM, and against Respondents Kenneth Michael Feldman and Deborah Veda Feldman for the attorneys' fees and costs incurred in these proceedings to confirm the Final Award; and

E. Award Petitioners such other and further relief as the Court may deem proper.

**GREENSPOON MARDER, P.A.**

/s/ Richard W. Epstein
RICHARD W. EPSTEIN (FL Bar No. 229091)
Email: richard.epstein@gmlaw.com
MEREDITH H. LEONARD (FL Bar No. 69535)
Email: meredith.leonard@gmlaw.com
EYAL SHARON (FL Bar No. 91225)
Email: eyal.sharon@gmlaw.com
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 343-6952